UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

THE LITEMAN ELECTRIC COMPANY, INC., et al                    PLAINTIFFS

v.                                                                                          CIVIL ACTION NO. 3:07CV-477-S

McBRIDE & SON HOMES, INC.                                                    DEFENDANT

**MEMORANDUM OPINION**

This case was originally filed by the plaintiffs against McBride & Son Homes, Inc. ("McBride").

McBride moved to dismiss, contending that the plaintiffs had sued the wrong party. McBride contended that the plaintiffs' contractual relationship was actually with McBride & Son Homes Louisville, LCC ("McBride Louisville"). In support of its motion, McBride attached a purchase order showing that McBride Louisville had issued a purchase order to the plaintiff, Liteman Electric Company, Inc., rather than McBride itself. The purchase order contains a first page with the particulars, and a second page entitled "Purchase Order Terms and Conditions." The Purchase Order Terms and Conditions includes provisions regarding disputes, warranty, indemnity, limitation of liability, and payment procedures. However, the first item in the Purchase Order Terms and Conditions is a section entitled "Definitions," in which the term "McBride" is defined to mean McBride & Son Homes, Inc.

Based upon paragraph 3 of the Purchase Order Terms and Conditions, which are entitled "Attorney's Fees/Disputes," which contains an arbitration provision, McBride contended that this

lawsuit should also be dismissed because the parties were obliged to submit any dispute to arbitration.

The plaintiffs responded by moving to file an amended complaint which names as defendant McBride Louisville rather than McBride.

There being no objection, the court has by separate order granted leave to file the amended complaint, thus effectively removing McBride as a party to this litigation.

Accordingly, the second ground in McBride's motion to dismiss, based upon the arbitration provision, may be moot. But because the parties have discussed it in their responses and replies, the court believes that it deserves some comment and a ruling.

In response to the arbitration argument, the plaintiffs contend that they have no obligation to arbitrate any dispute with McBride Louisville. They borrow McBride's original argument, contending that the contractual agreement between the plaintiffs and McBride Louisville arises from the purchase order, and that the annexed page comprising Purchase Order Terms and Conditions defines "McBride" and being McBride, not McBride Louisville.

Defendant McBride, in the reply to its motion to dismiss, contends that this is a "minor error" and that the parties understood and intended "McBride" in the Purchase Order Terms and Conditions to mean McBride Louisville.

Put another way, defendant McBride wanted to have its cake and eat it too. It urged the court to dismiss the plaintiffs' complaint on the basis that the plaintiffs' contractual relationship was with McBride Louisville. But it urges that the plaintiffs' complaint should also be dismissed in favor of arbitration, although the arbitration agreement upon which it relies for this argument is not with McBride Louisville, but with McBride.

- 3 -

Considering the matter, the court believes that no interpretation or construction of the agreement is necessary as the terms are in plain English and straightforward. In the Purchase Order Terms and Conditions, an entity called "McBride" is given the sole and exclusive option to demand arbitration in regard to a controversy. The term "McBride" is defined as McBride & Son Homes, Inc., not McBride Louisville.

Therefore, the only entity which can exercise the arbitration option is an entity with which the plaintiffs had no contractual relationship. This was McBride's contention in its dismissal motion, and was seemingly agreed to by the plaintiffs when they filed their amended complaint dropping McBride as a defendant and adding McBride Louisville.

The motion of defendant McBride & Son Homes, Inc. to dismiss in favor of arbitration will therefore be denied by separate order.

Dated:

cc: Counsel of Record